IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20CR336-1 |
| | : | |
| v. | : | |
| | : | |
| BRANDON RASHAD LEWIS | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina and Robert Zink, Chief, Criminal Division, Fraud Section, and the defendant, BRANDON RASHAD LEWIS, in his own person and through his attorney, Kearns Davis, and state as follows:

1. The defendant, BRANDON RASHAD LEWIS, is presently charged in a Bill of Information in case number 1:20CR336-1, which in Counts One and Two charges him with violations of Title 18, United States Code, Section 1343 and 2, wire fraud and attempted wire fraud; and which in Count Three charges him with a violation of Title 18, United States Code, Section 1001(a)(2) and 2, false statements and attempted false statements.

2. The defendant, BRANDON RASHAD LEWIS, will enter a voluntary plea of guilty to the Information herein. The nature of these charges and the elements of these charges, which must be proved by the United

States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, BRANDON RASHAD LEWIS, understands that the maximum term of imprisonment provided by law for Counts One and Two of the Information herein is not more than thirty years, as to each count, and the maximum fine for Counts One and Two of the Information herein is $1,000,000, or both, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, BRANDON RASHAD LEWIS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

   b. The defendant, BRANDON RASHAD LEWIS, also understands that, as to Counts One and Two of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after

c.  The defendant, BRANDON RASHAD LEWIS, understands that the maximum term of imprisonment provided by law for Count Three of the Information herein is not more than five years, and the maximum fine for Count Three of the Information herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, BRANDON RASHAD LEWIS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

d.  The defendant, BRANDON RASHAD LEWIS, also understands that, as to Count Three of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

e.  The defendant, BRANDON RASHAD LEWIS, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses to which he is pleading guilty, pursuant to Title 18, United States Code, Section

3

3663A(a)(1). The defendant, BRANDON RASHAD LEWIS, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3.

  f. The defendant, BRANDON RASHAD LEWIS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  g. The defendant, BRANDON RASHAD LEWIS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, BRANDON RASHAD LEWIS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal

4

and possibly permanent exclusion from the United States. The defendant, BRANDON RASHAD LEWIS, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Information herein, the defendant, BRANDON RASHAD LEWIS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, to not be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, BRANDON RASHAD LEWIS, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the Court determines at the time of sentencing that the defendant, BRANDON RASHAD LEWIS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a)

5

is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  b. The parties agree, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if the defendant's conduct between the date of this Plea Agreement and sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

    i. The specific offense characteristic enhancement of twelve (12) levels regarding loss greater than $250,000 but less than $550,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(G), is applicable.

    ii. The specific offense characteristic enhancement of two (2) levels regarding ten (10) or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), is applicable.

    iii. The specific offense characteristic enhancement of two (2) levels regarding misrepresentations that the defendant was

6

Case 1:20-cr-00336-UA   Document 3   Filed 08/28/20   Page 6 of 18

acting on behalf of a charitable organization, pursuant to U.S.S.G. § 2B1.1(b)(9)(A), is applicable.

  iv. The specific offense characteristic enhancement of two (2) levels regarding the use of sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(C), is applicable.

  v. The specific offense characteristic enhancement of two (2) levels regarding conduct described in 18 U.S.C. § 1040 (fraud in connection with major disaster or emergency benefits), pursuant to U.S.S.G. § 2B1.1(b)(12), is applicable.

 c. The defendant, BRANDON RASHAD LEWIS, and the United States of America agree that they will not seek any other enhancements or reductions to the offense level beyond those agreed to or reserved for sentencing in subparagraphs 5(b)(i)-(iv).

 d. The defendant, BRANDON RASHAD LEWIS, and the United States of America agree that the United States shall recommend that the Court sentence the defendant within a guideline range of 51 to 63 months imprisonment, pursuant to Fed. R. Crim. P. 11(c)(1)(B).

 e. The defendant, BRANDON RASHAD LEWIS, and the United States of America agree that the United States shall recommend to the

7

Court that the sentences for Counts One, Two, and Three run concurrent, pursuant to Fed. R. Crim. P. 11(c)(1)(B).

f. The defendant, BRANDON RASHAD LEWIS, and the United States of America agree that the defendant shall pay restitution in an amount to be provided by the United States at or before sentencing, pursuant to Title 18, United States Code, Section 3663(a)(3).

g. The defendant, BRANDON RASHAD LEWIS, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this Plea Agreement. The defendant, BRANDON RASHAD LEWIS, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

h. It is further agreed by and between the United States and the defendant, BRANDON RASHAD LEWIS, that in exchange for the government's agreement: not to charge the defendant with Title 18, United States Code, Section 1040, fraud in connection to major disaster or emergency benefits; and to limit the enhancements it intends to seek to those outlined in paragraph five, above, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any

appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, exception the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender.

    i.  The defendant, BRANDON RASHAD LEWIS, acknowledges that Rule 11(f) and Federal Rule of Evidence 408 and 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant, BRANDON RASHAD LEWIS, knowingly and voluntarily waives these rights and agrees that any statements made in the course of the defendant's guilty plea or this Plea Agreement (in part or in its entirety, at the sole discretion of the United States) and the Factual Basis will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant attempts to withdraw his guilty plea, or in any post-conviction proceeding challenging the knowing or voluntary nature of the guilty plea.

j. It is agreed that the defendant, BRANDON RASHAD LEWIS, will waive in open court prosecution by Indictment and consent to be charged in an Information.

6. With regard to forfeiture, the United States and the defendant, BRANDON RASHAD LEWIS, agree as follows:

a. The defendant, BRANDON RASHAD LEWIS, knowingly and voluntarily consents and agrees to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One and Two, to which he is pleading guilty. The property to be forfeited includes but is not limited to the following:

i. Two Thousand Two Hundred Seventy and 76/100 Dollars ($2,270.76) seized from the Bank of America account number ending in 4184 in the name of DBA Lewis Revenue Group, Brandon Lewis Sole Prop;

ii. Thirty-one Thousand Five Hundred Eighty-six and 87/100 Dollars ($31,586.87) seized from the Bank of America account number ending in 7577 in the name of Lewis Revenue Group L.L.C.; and

10

iii. a money judgment in an amount to be determined, representing the amount of proceeds obtained from the offenses charged in Counts One and Two less the value of the directly forfeitable property identified in paragraphs 6(a)(i) and 6(a)(ii), and less any amount intended to be applied to restitution and deposited with the Clerk of Court for the Middle District of North Carolina within thirty (30) days of the date of this Plea Agreement.

The defendant, BRANDON RASHAD LEWIS, acknowledges that he is the sole owner of the property identified in paragraphs 6(a)(i) and (ii) and that this property constitutes proceeds of the offenses charged in Counts One and Two and is therefore subject to forfeiture.

b. The defendant, BRANDON RASHAD LEWIS, agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past two years, or in which he has or had during that time any financial interest.

c. The defendant, BRANDON RASHAD LEWIS, agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United. States, including but not limited to surrender of title and execution of documents necessary to transfer his interests in such property. The defendant, BRANDON RASHAD LEWIS, further agrees to

take necessary steps to insure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

        d.    The defendant, BRANDON RASHAD LEWIS, further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant, BRANDON RASHAD LEWIS, acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule (11)(b)(1)(J), at the time his guilty plea is accepted.

        e.    The defendant, BRANDON RASHAD LEWIS, knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any

proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

    f.    The defendant, BRANDON RASHAD LEWIS, knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

    g.    The defendant, BRANDON RASHAD LEWIS, agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this Plea Agreement. The forfeitability of any particular property pursuant to this Plea Agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

    7.    The defendant, BRANDON RASHAD LEWIS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon

13

judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, BRANDON RASHAD LEWIS, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, BRANDON RASHAD LEWIS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing, except as set forth in U.S.S.G. § 1B1.8(a).

10. The defendant, BRANDON RASHAD LEWIS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment

at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. The defendant, BRANDON RASHAD LEWIS, understands that each and every provision set forth above is a material term of the Plea Agreement. Failure of the defendant to fully comply with any provision of the Plea Agreement, attempt to withdraw the guilty plea or violation of any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, is a breach of the Plea Agreement.

12. In addition to any other remedy available in law, the defendant, BRANDON RASHAD LEWIS's, breach (a) will relieve the United States of its obligations under the Plea Agreement, but the Defendant will not be relieved of the Defendant's obligations or allowed to withdraw his guilty plea; (b) may constitute the Defendant's failure to accept responsibility under U.S.S.G. § 3E1.1; and (c) will permit the United States to proceed on any dismissed, pending, superseding, or additional charges.

13. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 28th day of August, 2020.

MATTHEW G.T. MARTIN  
United States Attorney

KEARNS DAVIS  
Attorney for Defendant

MEREDITH C. RUGGLES  
DCB #1020537  
Assistant United States Attorney

BRANDON RASHAD LEWIS  
Defendant

101 S. Edgeworth Street  
4th Floor  
Greensboro, NC 27401  
336/333-5351

ROBERT ZINK  
Chief, Fraud Section  
United States Department of Justice - Criminal Division

DAVID A. STIER  
NYSB # 4257457  
Trial Attorney

/S/ CTB

17